| | |
|---|---|
| **RALPH WHITED** and **AMANDA,** ) <br> **WHITED** I*ndividually and on behalf* ) <br> *of their minor children* ) <br> ) <br> Plaintiff, ) <br> v. ) <br> **KNOX COUNTY BOARD OF** ) <br> **EDUCATION, KNOX COUNTY SCHOOLS,** ) <br> **MATHEW WILLIS, DANIEL NEEDHAM** ) <br> **KNOX COUNTY SHERIFF'S** ) <br> **OFFICE, KNOX COUNTY,** ) <br> **KNOXVILLE POLICE DEPARTMENT,** ) <br> **CITY OF KNOXVILLE** ) <br> ) <br> Defendants. ) | **Case No:** _____, <br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Ralph Whited and Amanda Whited (collectively, "Plaintiffs"), individually and on behalf of their minor child, by and through counsel, bring this action against Defendants Knox County Schools ("KCS"), Matthew Willis (individually and in his official capacity), Daniel Needham (individually and in his official capacity), Knox County Sheriff's Office ("KCSO"), Knoxville Police Department ("KPD"), and John Does 1-10, and allege as follows:

## INTRODUCTION

1. This case arises from the unjust and unreasonable actions of the Defendants, who collectively failed to conduct a proper investigation into an incident involving Plaintiff Ralph Whited at Dogwood Elementary School on December 20, 2023, and subsequently placed Mr. Whited on a no-trespass list, barring him from participating in his daughter's school life.

2. The actions of the Defendants have caused significant emotional, financial, and reputational harm to the Plaintiffs, disrupted their family life, and violated Mr. Whited's constitutional rights, as well as state laws designed to ensure transparency and due process.

## PARTIES

3. Plaintiff Ralph Whited is a resident of Knox County, Tennessee, and is the father of a minor child who attended Dogwood Elementary School during the events in question.

4. Plaintiff Amanda Whited is a resident of Knox County, Tennessee, and is the wife of Plaintiff Ralph Whited.

5. Defendant Knox County Schools ("KCS") is a public school district in Knox County, Tennessee, responsible for the administration and operation of public schools, including Dogwood Elementary School.

6. Defendant Matthew Willis is a public officer and employee of Knox County Schools or in the alternative an employee of the Knox County Sheriff's Department or Knoxville Police Department as a School Resource Officer and was the report officer responsible for documenting the incident. He is sued individually and in his official capacity.

7. Defendant Daniel Needham is a public officer and employee of Knox County Schools or in the alternative an employee of the Knox County Sheriff's Department or Knoxville Police Department as a School Resource Officer and was the approval officer responsible for reviewing and approving the incident report. He is sued individually and in his official capacity.

8. Defendant Knox County Sheriff's Office ("KCSO") is a law enforcement agency responsible for public safety in Knox County.

9. Defendant Knoxville Police Department ("KPD") is a law enforcement agency responsible for public safety in the city of Knoxville, Tennessee.

10. Defendants John Does 1-10 are individuals and entities whose identities are currently unknown but who participated in the acts described herein.

11. Defendant Knox County is located in Tennessee and is responsible for oversight and funding of Knox County Schools and its affiliated law enforcement agencies.

12. Defendant City of Knoxville is a municipal entity located in Tennessee, responsible for oversight of the Knoxville Police Department.

13. Defendant Knox County Board of Education is the governing body overseeing Knox County Schools and is responsible for policy implementation and enforcement within the school district.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

16. Venue is proper in the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTUAL BACKGROUND

17. On December 20, 2023, Ralph Whited was involved in an alleged incident at Dogwood Elementary School involving bicyclists in the car-rider lane.

18. Following the incident, security footage allegedly showed Mr. Whited stopping in the car-rider lane, after which an altercation occurred. Plaintiffs maintain that this footage exonerates Mr. Whited of wrongdoing.

19. Despite offering to have the security footage redacted to protect student identities, Defendant KCS and others failed to provide the footage in response to Plaintiffs' public records request, violating the Tennessee Open Records Act (TORA).

20. Defendant KCS and others placed Mr. Whited on a no-trespass list without conducting a thorough investigation or providing him with an opportunity to contest the allegations.

21. Defendants KCSO and KPD, working in tandem with Matthew Willis and Daniel Needham, failed to investigate the incident fully and enforced the no-trespass order based on exaggerated or incomplete claims made by third parties.

22. The actions of the Defendants have caused significant harm to Plaintiffs, including emotional distress, reputational damage, financial losses, and disruption to their family life.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF DUE PROCESS (42 U.S.C. § 1983)
(Against All Defendants)

23. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

24. Defendants deprived Mr. Whited of his constitutionally protected liberty and property interests without due process of law by failing to provide notice or a hearing before placing him on the no-trespass list, enforcing a no-trespass order based on incomplete or

exaggerated claims, and arbitrarily restricting his access to his daughter's school activities.

25. These actions violate the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages, including emotional distress, reputational harm, and financial losses.

## COUNT II: FAILURE TO INVESTIGATE (Negligence)
(Against All Defendants)

27. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

28. Defendants owed a duty to Plaintiffs to conduct a thorough investigation into the alleged incident at Dogwood Elementary School.

29. Defendants breached this duty by failing to review security footage promptly and thoroughly, relying on exaggerated or incomplete claims, and neglecting to gather all relevant evidence or interview key witnesses.

30. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered damages, including emotional distress, financial losses, and harm to their family relationships.

## COUNT III: VIOLATION OF TENNESSEE OPEN RECORDS ACT
(Against KCS, Knox County Board of Education, Matthew Willis, and Daniel Needham)

31. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

32. Under Tenn. Code Ann. § 10-7-503(a), Plaintiffs had a right to inspect and obtain public records, including security footage related to the incident involving Mr. Whited.

33. Defendants KCS, Knox County Board of Education, Matthew Willis, and Daniel Needham violated this right by failing to provide the requested security footage and ignoring Plaintiffs' offer to redact sensitive portions of the footage.

34. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered damages, including financial costs, emotional distress, and an inability to defend themselves adequately.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

35. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

36. Defendants' actions were intentional, reckless, and outrageous, causing severe emotional distress to Plaintiffs.

37. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered severe mental anguish and disruption to their family life.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

38. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

39. Defendants acted negligently in their handling of the incident, failing to foresee that their actions would cause emotional harm to Plaintiffs.

40. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered significant emotional harm, including anxiety, mental anguish, and the disruption of their family unit.

### COUNT VI: INTERFERENCE WITH PARENTAL RIGHTS
(Against KCS and Knox County Board of Education)

41. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

42. Defendant KCS and Knox County Board of Education, by banning Mr. Whited from all school activities and interactions with his daughter's education, interfered with his constitutionally protected right to parent his child.

43. This interference has caused irreparable harm to the bond between Mr. Whited and his daughter, undermining his ability to actively participate in her upbringing and education.

44. As a direct and proximate result of Defendant's actions, Plaintiffs have suffered significant emotional and relational harm.

## COUNT VII: DEFAMATION
(Against All Defendants)

45. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

46. Defendants made statements or took actions implying wrongdoing by Mr. Whited that were false and defamatory.

47. These statements or implications caused damage to Mr. Whited's reputation in the community and among his daughter's peers and educators.

48. As a direct and proximate result of Defendants' defamatory conduct, Plaintiffs have suffered reputational harm and emotional distress.

## COUNT VIII: ABUSE OF AUTHORITY
(Against KCSO, KPD, Matthew Willis, and Daniel Needham)

49. Plaintiffs incorporate all preceding paragraphs as if fully set forth herein.

50. Defendants KCSO, KPD, Matthew Willis, and Daniel Needham acted outside the scope of their lawful authority by enforcing a no-trespass order against Mr. Whited without adequate investigation or justification.

51. These actions were arbitrary, capricious, and constituted an abuse of power, causing significant harm to Plaintiffs.

52. As a direct and proximate result of Defendants' abuse of authority, Plaintiffs have suffered emotional distress, reputational harm, and financial losses.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in their favor and grant the following relief:

1. An award of actual, compensatory, consequential and incidental damages in such amounts as are sufficient to compensate in full the Plaintiff for the losses and damages actually incurred as a result of the Defendants' wrongdoing but not less than (1,000,000.00);

2. An award of punitive damages to be determined by the Jury as fair and reasonable in an amount adequate to punish the Defendants and serve as an example to deter similar conduct in the future but not less than 2,000,000.00;

3. An award of the Plaintiff's costs and expenses incurred in connection with this action, including attorneys' fees, expert witness fees and all other costs herein;

4. An award of pre-judgment and post-judgment interest as the Court deems appropriate;

5. Attorneys' fees, to the fullest extent allowable by the statutes generally referenced herein and/or the common law applicable to this case, including but not limited to the extent permitted under 42 U.S.C. § 1988; and

6. Statutory and discretionary cost(s);

7. All such further relief, both general and specific, to which they may be entitled;

8. Plaintiff request that a Jury be impaneled to hear this cause

**RESPECTFULLY SUBMITTED**, this the **19th** day of **December**, **2024.**

                      **THE BOWLIN LAW FIRM P.C.**

By: _____ *for The Firm*
Troy L. Bowlin, II No. 025893
*Attorney for Plaintiff*
2042 Town Center Blvd. Suite 364
Knoxville, Tennessee 37922
Telephone: 865.245.2011

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was transmitted for service via Pacer and the Court's Electronic Court Filing System to counsel for all parties. Other parties will be served via United States Postal Service postage prepaid.

This the **19th** day of **November**, 2024.

THE BOWLIN LAW FIRM P.C.

By: _____ *for The Firm*
Troy L. Bowlin, II No. 025893
*Attorney for Plaintiff*
